## THE HAVENSIDE.

(District Court, E. D. New York. August 9, 1926.)

No. 8325.

Seamen ⊜⇒24—Demand for half wages made after seaman had determined to desert held ineffective.

A demand by a seaman for half wages, made after the master had refused to pay him off and discharge him, and he had determined to desert, as he did, is ineffective to excuse his leaving the ship or entitle him to recover wages.

In Admiralty. Suit by Karra Husseen against the Steamship Havenside. Decree dismissing libel.

Peter Baumer, of New York City, for libelant.

Kirlin, Woolsey, Campbell, Hickox & Keating, of New York City, for claimant.

CAMPBELL, District Judge. Libelant is seeking to recover the sum of $233.30 as wages. The Havenside is a British vessel. Libelant signed articles on her as a donkeyman, and was on board in that capacity when the vessel arrived in New York, on August 26, 1926. On August 29th the libelant asked for and received from the captain an advance of $20.

While in the port of New York one of the firemen deserted, and, although there is a sharp conflict in the testimony as to whether the libelant volunteered to get a man, or the master directed the libelant to get a man, to take the deserter's place, I accept the master's version that libelant approached him and told him that he knew a man who would come with a book that was satisfactory, and that the master told him he would see the man.

The man came, and was satisfactory to the master; but there were seven Arabs in the engineers' department, besides the libelant, who were of a different tribe than the libelant and the man he had brought, and those men refused to work with the man libelant had brought, and said they could get a man of their own tribe, whereupon the master declined to ship the man brought by the libelant. From that time the libelant insisted on being paid off, although the matter had been taken before the British consul, who advised libelant to return to the ship, but libelant refused.

Libelant claims he asked the master to pay him one-half of his wages. This is denied by the master, but even if the master is in error, and the libelant did at any time ask him for one-half of the wages due him, it was only after the libelant had determined to leave the ship, and, finding that he could not get full pay, he was willing to take one-half pay. The intention of the libelant to desert the ship seems to be plainly established by the testimony of the libelant and his own witnesses, and therefore he is not entitled to prevail in this action. The Belgier (D. C.) 246 F. 966; The Tairoa (C. C. A.) 297 F. 449; The Pinna, 255 F. 642, 167 C. C. A. 18; The Italier, 257 F. 712, 168 C. C. A. 662; The Hougomont (C. C. A.) 272 F. 881; Vernon Hart et al. v. Schooner Nancy (D. C.) 11 F.(2d) 318, 1926 A. M. C. 491.

The excuse for leaving the ship offered by the libelant, that he feared the other Arabs would murder him, seems to me to have been without foundation, because, while he was of a different tribe than the other seven Arabs who were on the ship, he had not had any trouble with them, notwithstanding the fact that he had sailed in the same ship with them on a previous voyage and for four months on this voyage, and while the Arabs of the crew objected to the new man, who would undoubtedly have been thrown into close contact with them as a fireman, the evidence does not convince me that they objected to the libelant, who as a donkeyman appears to have been in a position which did not bring him into such close association with the other Arabs.

The libelant should have accepted the advice of the British consul before whom he brought the master of the ship, and re-

turned to the ship, which he refused to do, and thereafter, on the master's refusal to pay him off, the libelant took his effects and went ashore, whereupon the master recorded him in the log book as a deserter.

A decree may be entered, dismissing the libel, without costs.